763 So.2d 302 (2000)
Jeffrey Allen FARINA, Appellant,
v.
STATE of Florida, Appellee.
No. SC93907.
Supreme Court of Florida.
July 13, 2000.
James B. Gibson, Public Defender, and Larry B. Henderson, Assistant Public Defender, Seventh Judicial Circuit, Daytona Beach, Florida, for Appellant.
Robert A. Butterworth, Attorney General, and Kenneth S. Nunnelley, Assistant Attorney General, Daytona Beach, Florida, for Appellee.
PER CURIAM.
We have on appeal the order of the trial court imposing the death penalty upon Jeffery Allen Farina. We have jurisdiction pursuant to article V, section 3(b)(1) of the Florida Constitution. For the reasons expressed below, we vacate the death sentence and reduce the sentence to life imprisonment without the possibility of parole for twenty-five years.
Jeffrey Farina and his brother, Anthony J. Farina, were tried together and convicted of fatally shooting Michelle Van Ness during the May 1992 robbery of a Taco Bell restaurant in Daytona Beach. Jeffrey Farina was sixteen at the time of the crime. On direct appeal, this Court affirmed Farina's first-degree murder conviction but remanded for a new sentencing proceeding due to the trial court's error in granting the State's challenge for cause of *303 a prospective juror. See Farina v. State, 680 So.2d 392 (Fla.1996).
Pursuant to our remand, the trial court held another sentencing proceeding and again sentenced Farina to death. Subsequently, in Brennan v. State, 754 So.2d 1 (Fla.1999), this Court concluded that the imposition of a death sentence on a sixteen-year-old defendant constitutes cruel or unusual punishment in violation of article I, section 17 of the Florida Constitution. Accordingly, we vacate Farina's death sentence and reduce the sentence to life imprisonment without the possibility of parole for twenty-five years. See Bates v. State, 750 So.2d 6 (Fla.1999) (stating that the 1994 amendment of section 775.082(1), Florida Statutes, which provides for a life sentence without the possibility of parole, applies only to crimes committed after May 25, 1994).
It is so ordered.
SHAW, ANSTEAD, PARIENTE and LEWIS, JJ., concur.
HARDING, J., concurring.
WELLS, C.J., dissents with an opinion, in which QUINCE, J., concurs.
HARDING, J., concurs with an opinion.
I am compelled to concur. Although I still adhere to the views expressed in my dissenting opinion in Brennan v. State, 754 So.2d 1 (Fla.1999), I recognize that the Brennan majority is now the law of this state, and nothing has changed or occurred since the Brennan decision to justify altering the majority's holding in that case. See Perez v. State, 620 So.2d 1256, 1258 (Fla.1993) (Overton, J., concurring).
WELLS, C.J., dissenting.
I dissent because of the reasons I stated in Brennan v. State, 754 So.2d 1 (Fla. 1999).
QUINCE, J., concurs.